COSMO A. GIOVINAZZI, PLAINTIFF-APPELLANT, v. DOMENICK SERRA, DEFENDANT-RESPONDENT.

Decided February 26, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff-appellant, *Charles P. Brewer*.

For the defendant-respondent, *Solve Tuso* (*Thomas G. Tuso*, of counsel).

PER CURIAM.

The plaintiff brought his action in the Cumberland County Court of Common Pleas against the defendant to recover a balance due on a sale of a tractor for farming purposes, made to the defendant-respondent by the plaintiff-appellant, and for which tractor the former agreed to pay to the latter the sum of $200. The defendant paid $60 on account.

To the plaintiff's action in the court below, the defendant filed an answer denying each and every allegation in the complaint; and set up as a defense, in substance, that the plaintiff knowingly made certain false representations to the defendant concerning the value of the tractor, in that he represented to the latter that the tractor was less than one year old, and that the tractor was a new machine and in A1 condition; that the defendant, relying upon the representations made by the plaintiff, purchased the tractor for the sum of $200; that the tractor was not in good working order, and was not in A1 condition, and was not a new machine, and was older than represented.

The defendant-respondent filed, with his answer a counter-claim to recover back the $60 paid the plaintiff-appellant on account of the purchase price of the tractor.

The jury found a verdict for the defendant on the plaintiff's claim to recover the balance claimed to be due of $140, on the sale of the tractor, and a verdict for the defendant against the plaintiff for $60 on defendant's counter-claim.

There was a rule to show cause obtained by the plaintiff in the court below why the verdicts should not be set aside, but the rule was subsequently abandoned and the plaintiff-appellant took an appeal from the judgment which is before us for review.

There are four grounds of appeal relied on by plaintiff-appellant for reversal of the judgment, which grounds are as follows:

1. The court erred in charging the jury that if they found for the defendant, their verdict "could not be for no cause for action but must be for the $60 demanded by defendant on his counter-claim."

2. The court erred in directing a verdict on defendant's counter-claim.

3. There is no evidence to support the verdict of the jury.

4. The court permitted the following illegal evidence to stand over the objection of the plaintiff: Direct examination of the defendant, Domenick Serra, by Solve Tusco, Esq. "*Q.* What year model was the machine? (Exception noted for plaintiff.) *A.* 1925."

The first two grounds of appeal may be considered together, since they are inter-related respecting the subject invoked for discussion.

The exception taken, and upon which the first two grounds of appeal are claimed to be predicated reads as follows: "At any rate, if you find the machine was defective, then you find no cause of action for the plaintiff, and bring in a verdict for the defendant in the sum of $60. That was the amount he paid."

In what respect this portion of the trial judge's charge, in connection with other portions of the charge was incorrect, the plaintiff-appellant has not succeeded in making plain to us. When the charge is read in its entirety it at once becomes obvious that the trial judge stated the correct legal rule to the jury, for immediately preceding the criticized portion of the judge's charge, he instructed the jury as follows: "You have heard the testimony of these witnesses on both sides and just what they claim. It is for you to say whether the machine was in A1 condition as guaranteed which both sides agree was the statement. If it was, and the defect was in operation of it, the trouble was in operating it, then find for the plaintiff in the sum of $164.43. If, on the other hand, you find that when they got it home and tried to use it, the

machine was defective, it was not as warranted, then you will find a verdict of no cause for action. There is some dispute as to whether there was a warranty on the model. I believe Mr. Ricci claims there was a statement that it was a certain model, while Mr. Giovinazzi denies that, his statement being that he said it was about a year old." Then follows the language of the charge to which exception was taken.

The third ground relied on, that there is no evidence to support the verdict of the jury, is unsubstantial. There was testimony which plainly supports the verdict of the jury, and the mere fact that the testimony was controverted, is not a factor to be considered in the review of a case on appeal.

The fourth ground of appeal related to the admission of illegal testimony against the objection of counsel of the plaintiff below. An examination of the printed record discloses that the witness testified that he did find out what year model the machine was. After some colloquy between the trial judge and appellant's counsel, as to what the witness testified to in that respect, the trial judge said: "He just answered 'yes' he did. I will permit that to stand over your objection." The question was then repeated, and was objected to by counsel of appellant and allowed by the court, over such objection, and the witness answered "1925." Counsel of appellant made no effort to ascertain how, and in what manner the witness obtained that knowledge though given the opportunity to do so, and we cannot be called upon to conjecture, after the witness testified that he had knowledge, that such knowledge was founded upon hearsay testimony.

The judgment is affirmed, with costs.